PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KELLY BLAINE CARTER, | ) | |
| | ) | CASE NO.  5:22-CV-00367 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | [Regarding ECF No. 11] |

On January 6, 2023, the assigned magistrate judge issued a Report and Recommendation affirming the Commissioner's final decision regarding Plaintiff's application for Supplemental Security Income benefits and overruling Plaintiff's assignments of error.  *See* ECF No. 11. Plaintiff timely filed an objection to the Report and Recommendation.  ECF No. 12.  For the reasons stated below, the Court adopts the magistrate judge's Report and Recommendation (ECF No. 11), overruling Plaintiff's objection and affirming the Commissioner's final decision.

## I. Background

On July 29, 2019, Plaintiff Kelly Blaine Carter filed a Supplemental Security Income ("SSI") benefits application, alleging a disability onset date of January 1, 1995.  After her application was initially denied, Plaintiff requested a hearing for reconsideration, which occurred on October 19, 2020 before an administrative law judge ("ALJ").  On December 24, 2020, the ALJ found that Plaintiff was not disabled.  On January 21, 2022, the Appeals Council declined Plaintiff's request for further review, making the ALJ's decision final.

(5:22-CV-00367)

Plaintiff then filed her Complaint before the Court.  ECF No. 1.  The Report and Recommendation issued by the magistrate judge indicates that Plaintiff is not entitled to SSI benefits and affirms the ALJ's decision.  The magistrate judge addresses Plaintiff's three assignments of error in her Report and Recommendation.  First, the magistrate judge finds that the fact that the ALJ in this case derived her authority from Andrew Saul was not grounds for establishing that the ALJ's decision is constitutionally defective.  Second, the magistrate judge held that the ALJ committed a harmless error when she failed to find persuasive the opinion of the treating psychiatrist, Dr. Christopher Seman, despite the ALJ's inadequate analysis.  Lastly, the magistrate judge determined that the ALJ did not err in finding that the waxing and waning of Plaintiff's psychological symptoms did not preclude Plaintiff from engaging in substantial gainful activity on a full-time and sustained basis.

Following the issuance of the magistrate judge's Report and Recommendation, Plaintiff timely raised an objection regarding the magistrate judge's determination that the ALJ committed a harmless error when failing to provide good reason for finding Dr. Seman's opinion unpersuasive.  The Commission of Social Security Administration neither filed an objection to the Report and Recommendation nor response to Plaintiff's objection.

## II. Standard of Review

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.  28 U.S.C. § 636(b)(1)(C).  Parties must file any objections to a Report and Recommendation within fourteen days of service.  *Id*.; Fed. R. Civ. Pro. 72(b)(2).  Objections to the Report and Recommendation must be specific and not general to focus the court's attention on contentious

2

(5:22-CV-00367)

issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The

primary issue then becomes "whether [the Commissioner's] decision is supported by substantial

evidence and was made pursuant to proper legal standards."  *Rogers v. Comm'r of Soc. Sec.*, 486

F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).  The court's review of the

Commissioner's decision in the case at bar is limited to determining whether substantial

evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*,

574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of

evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229

(1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per

curiam).

      If substantial evidence supports the Commissioner's decision, a reviewing court must

affirm the decision even if it would have decided the matter differently.  *Cutlip v. Secretary of*

*Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708

F.2d 1058, 1059 (6th Cir. 1983)).  Moreover, the decision must be affirmed even if substantial

evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th

Cir. 1986) (*en banc*).  This "standard allows considerable latitude to administrative decision

makers.  It presupposes that there is a zone of choice within which the decisionmakers may go

either way, without interference by the courts.  An administrative decision is not subject to

reversal merely because substantial evidence would have supported an opposite decision."  *Id*.

(quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining whether

3

(5:22-CV-00367)

substantial evidence supports the ALJ's findings in the instant matter, however, the court must

examine the record as a whole and consider what fairly detracts from its weight.  *Wyatt v. Sec'y*

*of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

### III. Discussion

Plaintiff raises an objection to one of the Report and Recommendation findings regarding

Dr. Seman's opinion, arguing that the Report and Recommendation incorrectly determined that

1) Dr. Seman's opinion was patently deficient and 2) the ALJ's deficient evaluation concerning

Dr. Christopher Seman's opinion was a harmless error.  For these reasons, Plaintiff asserts that

the matter should be remanded for reconsideration because Dr. Seman's "opinion was not

patently deficient and the R&R acknowledged that the ALJ's conclusion was not supported by

substantial evidence."  ECF No. 12 at PageID #: 681.

Dr. Seman, Plaintiff's treating psychiatrist, filled out a Mental Impairment Questionnaire

check-box form that was evaluated as part of Plaintiff's SSI application.  ECF No. 11 at PageID

#: 650.  The Report and Recommendation provided a thorough summary of Dr. Seman's

diagnosis of Plaintiff based off of a review of the Transcript of Proceedings:

> [Dr. Seman] diagnosed Carter with bipolar disorder 1, generalized
> anxiety disorder, Tourette's disorder, panic disorder, and attention
> deficit disorder. He opined that Carter was "unable to meet
> competitive standards" or had "no useful ability to function" in the
> following categories: (1) maintaining attention and concentration
> for extended periods; (2) completing a normal workday and
> workweek without interruptions from psychologically-based
> symptoms; (3) performing at a consistent pace without an
> unreasonable number and length of rest periods; and (4)
> responding appropriately to criticism from supervisors. He also
> opined that Carter's impairments or treatment would cause her to
> be absent from work 10 days a month. He also indicated that
> Carter would be off task 50% of an eight-hour regular workday.

4

(5:22-CV-00367)

ECF No. 11 at PageID #: 650 (internal citations omitted).

The ALJ determined that "Dr. Seman's opinion [is not] persuasive as it is not supported by or consistent with his own treatment notes."  Transcript of Proceedings, ECF No. 5 at PageID #: 39.  To support such a finding, the ALJ reasoned that

> the doctor's regular examinations note minimal findings upon mental status examinations.  However, the undersigned does note that this opinion was made during a time of considerable life stressors for the claimant, which correlated with an increase in her symptoms.  Thus, while the claimant may have been so limited at that moment in time, in May 2019, the treatment notes show improvement with treatment by the start of the relevant period and further document the waxing and waning of symptoms based on significant life stressors and/or breaks in treatment.  The remainder of the record shows that minimal findings that are not consistent with Dr. Seman's opinion.

ECF No. 5 at PageID #: 39.

Reviewing the ALJ's opinion, the Report and Recommendation concluded that the ALJ's opinion failed "to comply with the regulation's articulation requirements."  ECF No. 11 at PageID #: 666.  The Report and Recommendation noted that the ALJ did not explain his rationale for how he based his determination on the available evidence, indicating that

> it is not as clear how the ALJ arrived at those conclusions because the ALJ did not explain . . . which of Dr. Seman's treatment notes were inconsistent with his opinion or identify with any degree of specificity what other medical evidence the ALJ believed was inconsistent with Dr. Seman's findings.  Although the ALJ found that the treatment notes are inconsistent with Dr. Seman's opinion, the ALJ does not explain what limitations are specifically unsupported or inconsistent with the treatment notes . . . However, the ALJ did not find that Dr. Seman's opinion was an improper check-box opinion.  Even if the court were to agree that the Commissioner cites supports the ALJ's conclusion, the ALJ did

5

(5:22-CV-00367)

> not cite or otherwise refer to that evidence in explaining why she
> found Dr. Semans' opinion unsupported or inconsistent.

ECF No. 11 at PageID #: 666.  Nonetheless, the Report and Recommendation concludes that the ALJ opinion's deficiencies with regard to its analysis of Dr. Seman's opinion amounted to a harmless error because Dr. Seman's opinion was patently deficient and, therefore, could not be credited due to the lack of explanations supporting the doctor's finding.  ECF No. 11 at PageID #: 666–67.  In other words, the Report and Recommendation separately found that Dr. Seman's opinion could not be relied upon; thus, regardless of the ALJ's insufficient analysis of Dr. Seman's opinion, it did not affect the ultimate conclusion.

Plaintiff argues, contrary to the Report and Recommendation, that Dr. Seman's opinion was not patently deficient because the doctor's explanations and treatment notes were sufficient to support his Mental Impairment check-box form.  Because Plaintiff contends that Dr. Seman's opinion was not patently deficient, Plaintiff concludes that ALJ's inadequate analysis was not a harmless error.  According to Plaintiff's rationale, under these circumstances, it logically follows that the matter should be remanded for Dr. Seman's opinion to be reconsidered and given more weight.  In support of her argument, Plaintiff cites *Johnson v. Comm'r of Soc. Sec.*, No. 1:20cv156, 2021 WL 1214795, at *4 (N.D. Ohio Mar. 31, 2021) for its assertion that a check-box form is adequate if it is accompanied by  handwritten explanations and medical records produced "generally close in time to when the form was completed."[1]

20 C.F.R. § 404.1527 explains that medical opinions from treating sources are generally afforded more weight because "these sources are likely to be the medical professionals most able

---

[1] The *Johnson* case is persuasive, but not binding authority on the Court.

(5:22-CV-00367)

to provide a detailed, longitudinal picture of [the applicant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527.  "Treating physicians' opinions are given "controlling weight" when their opinions are 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record.'" *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 473 (6th Cir. 2016) (quoting 20 C.F.R. § 404.1527(c)(2)).  Conversely, "rudimentary indications [by treating physicians] that lack an accompanying explanation" are not to be given significant weight. *Hernandez*, 644 F. App'x at 474.

When evaluating medical opinions from treating sources, the ALJ is required, pursuant to 20 C.F.R. § 404.1527(c)(2), to provide "good reasons" for their determination.  When an "ALJ fails to give good reasons on the record for according less than controlling weight to treating sources," the Court may "reverse and remand unless the error is a harmless de minimis procedural violation." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).  Harmless error "may include the instance where 'a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it'". *Blakley*, 581 F.3d at 409 (citing *Wilson*, 378 F.3d at 547).  On the other hand, even when the ALJ fails to give good reason for not giving a treating source's opinion controlling weight, the ALJ's opinion may ultimately suffice if the "ALJ's discussion of the other record evidence about [Plaintiff's] mental impairments makes clear that the opinions"

7

(5:22-CV-00367)

of certain treating physicians are not "consistent with the other record evidence as a whole."

*Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 471 (6th Cir. 2006).

Plaintiff notes that in the case at bar, the May 21, 2019 check-box form was handwritten and supported by treatment notes from May 14, 2019; thus, it was not patently deficient and can be given controlling weight.  The Mental Impairment Questionnaire filled out by Dr. Seman on May 21, 2019 indicated the following diagnoses for Plaintiff: bipolar disorder I, generalized anxiety disorder, Tourettes, panic disorder, and attention deficit disorder.  ECF No. 5 at PageID #: 406.  On the same questionnaire form, Dr. Seman checked various boxes indicating that Plaintiff has many limitations with regard to Plaintiff's "ability to do work-related activities on a day-to-day basis in a regular work setting."[2]  ECF No. 5 at PageID #: 406.  On May 14, 2019, a week prior to filling out the Mental Impairment Questionnaire, Dr. Seman assessed Plaintiff, noting that she "is still tickling w[ith] eye squint, blood sugars are now under control . . . she has not had many manic [symptoms] lately, but she [occasionally] has hypomanic [symptoms]. These times she does not finish projects, is euphoric . . . ADHD with the []methylphenidate is better, less hyperactive and better focus and attention, less forgetful and better organized. The

---

[2] The Mental Impairment Questionnaire indicated "[u]nlimited or very good" ability to "[c]arry out very short and simple instructions; "[l]imited by satisfactory" ability to "[m]anage regular attendance and be punctual within customary tolerances; "[s]eriously limited, but not precluded" ability to "[c]arry out detailed instructions," "[p]erform activities within a schedule," "[s]ustain an ordinary routine without special supervision," and "[w]ork in coordination with or in proximity to others without being distracted by the"; "[u]nable to meet competitive standards when it comes to [m]aintain[ing] attention and concentration for extended periods" and "[p]erform[ing] at a consistent poace without an unreasonable number and length of rest periods"; and "[n]o useful ability to function" when it comes to "[p]erform[ing] at a consistent pace without an unreasonable number and length of rest periods."  ECF No. 5 at PageID #: 406.

8

(5:22-CV-00367)

med does NOT help her finish projects at this dose."  ECF No. 5 at PageID #: 392.  Plaintiff

argues that these treatment notes are sufficient to serve as explanations that support Dr. Seman's

May 21, 2019 opinion.

      Although the May 14, 2019 treatment notes provide more detail than the Mental

Impairment Questionnaire, these notes are far from a model of clarity.  Plaintiff cites only the

portion under "Psych Symptom/Follow Up" and does not share that on the same set of treatment

notes, Dr. Seman also documented that

> [Plaintiff's] speech was normal, sharing conversation with normal
> laryngeal efforts.  Appropriate mood and affect were seen on
> exam.  Thought processes were logical, relevant, and thoughts
> were completed normally.  Thought content was normal with no
> psychotic or suicidal thoughts.  The patient's judgement was
> realistic with normal insight into their present condition. Mental
> status included: correct time, place, person orientation, normal
> recent and remote memory, normal attention span and
> concentration ability. Language skills included the ability to
> correctly name objects. Fund of knowledge included normal
> awareness of current and past events.

ECF No. 5 at PageID #: 392.  The juxtaposition of Plaintiff's limiting symptoms and the

description of Plaintiff's normal affect during the assessment, without further explanation, leaves

the reader with more questions than answers.  Dr. Seman's May 14, 2019 treatment notes do not

provide sufficient support for his responses on the Mental Impairment Questionnaire.

Furthermore, as the Report and Recommendation points out, Dr. Seman neither references nor

attaches the May 14 notes to the form questionnaire.  *See* ECF No. 11 at PageID #:669.  Dr.

Seman's opinion is, therefore, patently deficient, lacking the proper explanation necessary to

support his diagnoses.

(5:22-CV-00367)

Because Dr. Seman's opinion is patently deficient and cannot be given controlling weight, the ALJ's failure to meet the analysis standard prescribed by 20 C.F.R. § 404.1527(c)(2) was harmless error.  Additionally, the rest of the ALJ's opinion provided enough to establish that there is substantial evidence to support the ALJ's conclusion.  The ALJ's conclusion is informed by Dr. Krabbe and the State Agency medical file consultants' opinions, which the ALJ found more persuasive than Dr. Seman's opinion.  The ALJ opines

> Dr. [Bryan J.] Krabbe[, a Psy,] noted that the claimant: performed adequately in tasks relating to understanding, remembering and carrying out tasks; performed adequately in tasks testing attention, concentration and persistence; showed no signs of distraction; and, interacted appropriately but with hygiene issues. In assessing her mental functioning, Dr. Krabbe indicated potential problems regarding social interactions and managing work stress and pressure. The undersigned finds this opinion somewhat persuasive as he indicates moderate limitations in at least some areas. However, the examiner's opinion is vague regarding specific capabilities. Furthermore, the overall weight of the record supports limitations regarding understanding, remembering, concentrating, and persisting.
> Looking to the opinions of the State Agency medical file consultants who reviewed the psychological aspect of the claim, the undersigned finds these somewhat persuasive. The consultants opined that the claimant could perform three to four step repetitive tasks in an essentially static and low-stress work environment (2A and 4A). The undersigned finds that the overall record does support some greater limitations regarding social interaction and the ability to cope with stressors. Thus, the undersigned further limited the claimant to simple tasks with no more than occasional and superficial interaction with others.

ECF No. 5 at PageID #: 39.  Relying on Dr. Krabbe and the State Agency medical file consultants' opinions, the ALJ concluded that while the evidence shows that Plaintiff struggles with "symptoms of anxiety, depression and ADHD," these symptoms are not as limiting as Plaintiff alleges.  ECF No. 5 at PageID #: 39.  The ALJ finds that Plaintiff has residual functional

(5:22-CV-00367)

capacity, acknowledging that with the proper limitations on social interactions in Plaintiff's work environment, Plaintiff can still perform "simple tasks in a static and low-stress work environment." ECF No. 5 at PageID #: 35, 39.  Given Dr. Seman's patently deficient opinion and the substantial evidence supporting the ALJ's ultimate conclusion, Plaintiff's objection is overruled.

## IV. Conclusion

Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation (ECF No. 11), overruling Plaintiff's objection and affirming the Commissioner's final decision. Judgment will be entered in favor of Defendant through a separate Judgment Entry.


IT IS SO ORDERED.


January 31, 2023                                          /s/ Benita Y. Pearson
Date                                                             Benita Y. Pearson
                                                                   United States District Judge

11